UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RAYVON BAKER,

                               Plaintiff,

                     -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
WARDEN MICHAEL HOURIHANE, CHIEF CAROLYN
THOMAS, CORRECTION OFFICER ABDULLAH,
CORRECTION OFFICER BUCKHALTER,
CORRECTION OFFICER MIDDLETON, CAPTAIN
DONOVAN, JOHN DOES #1-2,

                             Defendants.

------------------------------------------------------------------x

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, MARTIN HORN AND CAROLYN THOMAS**

08 CIV 5173 (PAC)

JURY TRIAL DEMANDED

       Defendants City of New York, Martin Horn and Carolyn Thomas, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:[1]

    1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    2.     Deny the allegations set forth in paragraph "2" of the complaint.

    3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, Warden Michael Hourihane, "Officer Abdullah," "Officer Buckhalter," "Officer Middleton," and "Captain Donovan," have not been served with process

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of Correction ("DOC") and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of the Commissioner of the DOC.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Carolyn Thomas is the Chief of Department of DOC.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Michael Hourihane is a Warden at DOC.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Charles Donovan, Umar Abdullah, Saladin Buckhalter and Wayne Middleton are employed by DOC.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office and that no payment has been made by defendant City of New York.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, including all subparts therein.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66. Plaintiff may have failed to comply with GML §50(i) and GML §50(e).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendants are entitled to governmental immunity.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

69. Martin Horn and Carolyn Thomas have no personal involvement in the incident underlying this action.

**WHEREFORE**, defendants City of New York, Martin Horn and Carolyn Thomas request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 8, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    *Attorney for Defendants City of New York, Martin Horn and Carolyn Thomas*
                                    100 Church Street, Room 3-199
                                    New York, New York 10007
                                    (212) 788-1106

                        By: _____
                               CAROLINE CHEN
                               Assistant Corporation Counsel

To:    Nicole Bellina, Esq. (by ECF and by regular mail)
         Stoll, Glickman & Bellina, LLP
         *Attorneys for Plaintiff*
         71 Nevins Street
         Brooklyn, New York 11217

Index No. 08 CIV 5173 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYVON BAKER,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, WARDEN MICHAEL HOURIHANE, CHIEF CAROLYN THOMAS, CORRECTION OFFICER ABDULLAH, CORRECTION OFFICER BUCKHALTER, CORRECTION OFFICER MIDDLETON, CAPTAIN DONOVAN, JOHN DOES #1-2,

                     Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, MARTIN HORN AND CAROLYN THOMAS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Horn and Thomas*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2008*

*Due and timely service is hereby admitted. New York, New York    , 2008 . . .*

*............................................................ Esq.*

*Attorney for ........................................................*

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 8, 2008, I caused to be served the **ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, MARTIN HORN AND CAROLYN THOMAS** upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn, New York 11217

Dated:   New York, New York
         August 8, 2008

_____
CAROLINE CHEN